**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

JCD, Inc. d/b/a Esoteric Sports; a Georgia Corporation,

Plaintiff,

v.

Interstate Hotels and Resorts, Inc. d/b/a Laguna Cliffs Marriott Resort & Spa; Marriott International, Inc.; and Does 1-10,

Defendants.

**CASE NO. SACV10-00904 DOC (MLGx)**

Assigned to Hon. David O. Carter

**[~~PROPOSED~~] PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL INFORMATION**

[Filed concurrently with Joint Stipulation Concerning Production Of Confidential Information]

Having considered the parties' Joint Stipulation Concerning Production Of Confidential Information, and Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered as follows:

1. This Protective Order re Confidentiality ("Order") shall govern disclosure and use of all documents, testimony, discovery responses, and other information designated "Confidential," or "Confidential—Outside Attorneys' Eyes Only," in the course of this litigation.

2. "Producing Party" shall refer to any person or entity producing information, documents, discovery responses, deposition testimony, or other material in connection with this litigation, irrespective of whether the Producing Party is a party in this action. Any deposition testimony, information, document, discovery response, or thing produced in connection with this litigation may be designated as Confidential or Confidential—Outside Attorneys' Eyes Only by any party to this litigation or the Producing Party, if the designating attorney, based upon a good faith inquiry, reasonably determines (i) that such deposition testimony, information, document, discovery response or thing constitutes or reveals proprietary or commercially sensitive information, trade secrets, information subject to a legally protected right of privacy, personal financial information, or other information subject to protection under the law, and (ii) that such deposition testimony, information, document, discovery response or thing contains or comprises information of a type that the Producing Party would generally treat as confidential and would make a reasonable effort to protect from disclosure to the public or to third parties. In assigning the designation of Confidential—Outside Attorneys' Eyes Only, the designating attorney shall hold a reasonable and good faith belief that that level of designation is necessary due to the extreme sensitivity of the designated material and that disclosure of such material will likely cause a competitive injury to the designating party. A party may designate deposition testimony, information, documents, discovery responses

or things as Confidential or Confidential—Outside Attorneys' Eyes Only regardless of whether it was produced by such party.

3. The terms Confidential or Confidential—Outside Attorneys' Eyes Only shall also apply to copies, extracts and complete or partial summaries prepared from such documents, discovery responses or information designated as Confidential or Confidential—Outside Attorneys' Eyes Only. The designation of any materials by these categories pursuant to the terms of this Order shall constitute verification that the designation has been made in good faith and consistent with the terms of this Order.

4. When used in this Order, the term document shall be interpreted consistent with Fed. R. Civ. P. 34(a) and shall include, without limitation, original writings, drawings, graphs, charts, photographs, recordings (by video or audio device), electronically-stored data and any other compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form, and any summaries, extracts, or copies thereof.

5. Any person receiving Confidential Material or Confidential—Outside Attorneys' Eyes Only Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information under the terms of this Order. Protected material obtained by a party to this action from another party or non-party shall be used solely for purposes of this action (including appeals) and for no other purpose whatsoever. However, nothing herein limits or restricts a party's right to use and disclose its own Confidential Material or Confidential—Outside Attorneys' Eyes Only Material. Nor does anything herein limit or restrict a party's right to use and disclose documents lawfully obtained from another source who is not previously contractually bound by a party to this case to keep such documents confidential and who did not designate those documents as Confidential or Confidential—Outside Attorneys' Eyes Only, even if another party

has designated such documents as Confidential or Confidential—Outside Attorneys' Eyes Only.

6. Designation of information as Confidential shall be made by marking the respective pages of the document (where applicable), or otherwise conspicuously marking the materials with the legend CONFIDENTIAL. Any of the parties or a Producing Party may also designate especially sensitive Confidential Material as being produced for Outside Attorneys' Eyes Only by marking the materials with the legend CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY. However, when information, documents, discovery responses, or things are produced without such designations by the Producing Party, a party may designate the information, documents, discovery responses, or things as Confidential or Confidential—Outside Attorneys' Eyes Only by sending a letter to counsel of record designating them as such within thirty (30) days after the information, documents or things are produced.

7. In the event that a Producing Party inadvertently produces documents, deposition testimony, discovery responses, or other information containing Confidential Material or Confidential—Outside Attorneys' Eyes Only Material without designating them as containing such as provided herein, the Producing Party shall not be deemed to have waived any right to designate those documents or that information as Confidential or Confidential—Outside Attorneys' Eyes Only. Rather, the Producing Party shall promptly, but in any event no later than thirty (30) days of being notified of the inadvertent production inform all parties of the inadvertent production, and the parties then shall immediately abide by the designation and cooperate in marking and retrieving, where necessary, those documents or information, and all copies thereof, as containing Confidential Material or Confidential—Outside Attorneys' Eyes Only Material. No use of such documents or information prior to their designation as Confidential Material or

Confidential—Outside Attorneys' Eyes Only Material shall be deemed a breach of this Order.

8. In accordance with Fed. R. Civ. Proc. 26(b)(5)(B), if a Producing Party inadvertently produces a document that is otherwise not discoverable for reasons of the attorney-client privilege or work product immunity or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity If a receiving party discovers a document that appears to be subject to attorney-client privilege or attorney work product rule, it will immediately notify the Producing Party of the Bates numbers of the document, or if produced in native format, by identifying the file type, date, author and recipient(s) of such document. The parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, within 10 days after the receiving party notifies the Producing Party that it has received the material, the Producing Party does not request the return of the privileged matter pursuant to paragraph 12 below. If the Producing Party demands return of the material within 10 days of receiving notice, the original of such inadvertently produced material will be immediately returned and no copies will be made. If copies of such inadvertently produced documents were made before the receiving party's discovery that the attorney-client privilege or work product rule may apply, the receiving party shall immediately produce all such copies to the Producing Party or confirm in writing that such copies have been destroyed.

9. Except with prior written consent of the other parties and Producing Party, or upon prior order of this Court obtained upon notice to opposing counsel and the Producing Party, Confidential Material and information derived from Confidential Material shall not be disclosed to any person other than the following and then only to the extent necessary for this litigation:

(a) the Court, necessary Court personnel (including stenographic reporters) and jurors;

(b) outside counsel for any party and the paralegal, stenographic, clerical and secretarial personnel employed by such counsel;

(c) any party and any officer, director, or employee of a party who is involved in assisting litigation counsel in the preparation for and/or trial (including appeals) of this action;

(d) any person who is being interviewed by a party, and that person's attorneys to the extent reasonably necessary to obtain the interview, provided, however, that each such witness and attorney first sign a copy of Exhibit A hereto;

(e) any person from whom noticed deposition testimony is taken in this case to the extent reasonably necessary to obtain the deposition testimony, provided, however, that each such witness and attorney first sign a copy of Exhibit A hereto and, if the person refuses to sign Exhibit A, such person shall be advised that the protected material is subject to a Court order that prohibits its disclosure and that he/she is not allowed to retain any protected material (including any copies, summaries or extracts). A refusal to sign a copy of Exhibit A in no way relieves the person of the person's obligation to comply with this Order; nor does such a refusal effect the confidentiality of the material disclosed to the person pursuant to this Order;

(f) independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

(g) any insurers or their counsel;

(h) non-party experts or consultants (together with their associates, consultants and clerical and secretarial staff) retained to assist in prosecution, defense, settlement or other disposition of this action provided that such expert or consultant (i) is using said information solely in connection with the action; (ii)

executes a copy of the acknowledgment attached as Exhibit A hereto agreeing in writing to be bound by the terms and conditions of this Order and consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order; and (iii) agrees not to disclose or use such protected material for purposes other than those permitted hereunder.

Confidential—Outside Attorneys' Eyes Only Material may only be disclosed to those individuals identified in parts (a), (b), (d), (e), (f), and (h), above.

10. Nothing herein shall prohibit a party, or its counsel of record, from showing Confidential Material or Confidential—Outside Attorneys' Eyes Only Material to a person who is the author, addressee, or designated recipient of such material; provided, however, that any person to be shown any Confidential Material or Confidential—Outside Attorneys' Eyes Only Material pursuant to this paragraph shall be asked to sign Exhibit A hereto and, if the person refuses to sign Exhibit A, such person shall be advised that such material is subject to a Court order that prohibits its disclosure and that neither he/she is allowed to retain any Confidential Material or Confidential—Outside Attorneys' Eyes Only Material. A refusal to sign a copy of Exhibit A in no way relieves the person of the person's obligation to comply with this Protective Order; nor does such a refusal effect the confidentiality of the Confidential Material or Confidential—Outside Attorneys' Eyes Only Material disclosed to the person pursuant to this Order.

11. Counsel shall be responsible for maintaining copies of all Exhibit A acknowledgments signed by persons receiving Confidential Material or Confidential—Outside Attorneys' Eyes Only Material.

12. This Order is entered solely for the purpose of facilitating the pre-trial exchange of information without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information under its terms, nor any proceedings undertaken pursuant hereto, shall be deemed to be an admission or waiver by any party or otherwise deemed to alter the confidentiality or non-

confidentiality of any information. Nor shall compliance with this Order operate as an admission as to the admissibility, relevance, or competency of any information.

13. The parties shall confer in good faith to devise protective procedures to be applicable at trial that are satisfactory to the parties and the Court.

14. The scope of persons to whom Confidential Material or Confidential—Outside Attorneys' Eyes Only Material may be disclosed can be expanded only by mutual agreement of counsel of record and counsel for the Producing Party. Any party may propose such an expansion by serving a letter on all other counsel of record and counsel for the Producing Party specifically identifying, and describing the role and function of, the person(s) intended to be included among those to whom Confidential Material or Confidential—Outside Attorneys' Eyes Only Material may be disclosed. Person(s) so designated shall be added to the persons listed in paragraph 9 automatically upon the expiration of ten (10) business days after receipt of the letter to counsel of record, unless such counsel objects within that period, and, within five (5) business days thereafter, provides a written statement of the good faith basis for his or her objections. If counsel for any party or the Producing Party objects to the proposed expansion, no Confidential Material or Confidential—Outside Attorneys' Eyes Only Material produced by the objecting party may be disclosed to such person unless the Court so orders.

15. The foregoing is without prejudice to the right of any party or Producing Party: (a) to apply to the Court for a further protective order relating to any Confidential Material or Confidential—Outside Attorneys' Eyes Only Material or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents, modification of this Order, or for any

order permitting disclosure of Confidential Material or Confidential—Outside Attorneys' Eyes Only Material beyond the terms of this Order.

16. If any papers to be filed with the Court contain Confidential Material or Confidential—Outside Attorneys' Eyes Only Material, the proposed filing shall be stamped to reflect the designation(s) and identity of the designating party, shall be filed under seal in compliance with Local Rule 79-5.1, and shall have the following statement in bold, capital lettering on the caption page:

**CONFIDENTIAL INFORMATION**
**FILED UNDER SEAL**
**PURSUANT TO PROTECTIVE ORDER**

Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or persons authorized by the terms of this Order to have access thereto. A copy of this Order shall be submitted with the filed materials. Any court hearing that refers to or describes Confidential Material or Confidential—Outside Attorneys' Eyes Only Material shall in the Court's discretion be held in camera.

17. Counsel, the Producing Party, or the parties may designate information disclosed during a deposition of a party or non-party as Confidential Material or Confidential—Outside Attorneys' Eyes Only Material by identifying on the record at the deposition the material that is to be treated as Confidential Material or Confidential—Outside Attorneys' Eyes Only Material, or by marking within thirty (30) days after the receipt of a certified copy of the transcript of such deposition the portions of the transcript to be designated as Confidential Material or Confidential—Outside Attorneys' Eyes Only Material. Prior to the expiration of such thirty (30) day period, all information disclosed during a deposition shall be treated as Confidential Material or Confidential—Outside Attorneys' Eyes Only

Material, unless agreed by the parties and the witness, or ordered by the Court. A non-party deponent (or counsel for a non-party deponent) may also designate testimony as Confidential or Confidential—Outside Attorneys' Eyes Only, in accordance with the foregoing provisions. In addition, for purposes of documents produced by a non-party Producing Party, any deposition testimony regarding documents previously designated as Confidential or Confidential—Outside Attorneys' Eyes Only shall be deemed Confidential or Confidential—Outside Attorneys' Eyes Only, as the case may be, unless and until the non-party Producing Party agrees that such testimony shall not be Confidential or Confidential—Outside Attorneys' Eyes Only. All persons other than those to whom disclosure of Confidential Material or Confidential—Outside Attorneys' Eyes Only Material is permitted under this Order shall be excluded from those portions of the deposition when Confidential Material, or Confidential—Outside Attorneys' Eyes Only Material is to be disclosed or discussed.

18. If any testimony in a deposition or any document or information used during the course of a deposition is designated as Confidential Material or Confidential—Outside Attorneys' Eyes Only Material, the portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order. The terms of this Order shall apply to videotaped depositions, and video cassettes/discs or other video containers shall be labeled in accordance with the terms of this Order.

19. Any party to whom Confidential Material or Confidential—Outside Attorneys' Eyes Only Material is produced or disclosed may object at any time to the designation of such material as Confidential or Confidential—Outside Attorneys' Eyes Only. If any party objects to the designation of any information as Confidential or Confidential—Outside Attorneys' Eyes Only, the party shall state the objection and reasons for the objection by letter to counsel for the Producing

Party. If the Producing Party does not change the designation within seven (7) calendar days of service of such written challenge, then the party objecting to the designation may make a motion seeking an order that such material shall be treated as no longer Confidential or Confidential—Outside Attorneys' Eyes Only. Any such motion must be made in compliance with Local Rule 37-2 (including the Joint Stipulation requirement), and served upon any third party who the Producing Party deems to have an interest in maintaining the confidentiality of the documents, in accordance with the contact information for that third party provided by the Producing Party. Until the Court rules on any such motion (and during any appeal of said ruling), the discovery materials shall continue to be deemed Confidential or Confidential—Outside Attorneys' Eyes Only under the terms of this Order. In any court proceeding regarding protected material, the burden shall be on the party asserting the confidentiality of the information to demonstrate that any such information is Confidential or Confidential—Outside Attorneys' Eyes Only.

20. Notwithstanding any challenge to the designation of material as Confidential or Confidential—Outside Attorneys' Eyes Only, all material shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the Producing Party or other party who claims the material is Confidential or Confidential—Outside Attorneys' Eyes Only withdraws such designation in writing;

(b) the Producing Party fails to object pursuant to the procedure set forth in paragraph 14; or

(c) the Court rules the material is not Confidential or Confidential—Outside Attorneys' Eyes Only and any appeal thereof is exhausted.

21. In the event an appeal is taken in this action, the parties shall take reasonable steps to attempt to protect and preserve the confidentiality of Confidential Material or Confidential—Outside Attorneys' Eyes Only Material

such as by seeking appropriate orders from the appellate court, and filing documents under seal as appropriate.

22. If Confidential Material or Confidential—Outside Attorneys' Eyes Only Material is disclosed to any person other than in the manner authorized by this Order, the person or entity responsible for the disclosure shall, immediately upon learning of such disclosure, inform all other parties as well as the Producing Party of the pertinent facts relating to such disclosure and shall make every effort to retrieve the Confidential Material or Confidential—Outside Attorneys' Eyes Only Material and to prevent the occurrence of any further disclosure unauthorized by this Order.

23. This Order shall survive any settlement, judgment or other disposition or conclusion of this action and all appeals therefrom. Within ninety (90) days after the final determination, settlement or other final disposition of this action, including all appeals, materials containing Confidential Material or Confidential—Outside Attorneys' Eyes Only Material disclosed or received by any party to this Order or any authorized person (other than counsel's copies of documents filed with the Court and counsel's file copies of papers prepared in connection with this matter) shall be destroyed by counsel for the party in possession of such information or, alternatively, all such material shall be returned to the party producing the Confidential Material or Confidential—Outside Attorneys' Eyes Only Material. Counsel in possession of such information shall certify in writing that it has been destroyed or returned in accordance with this paragraph.

24. In the event any person or entity bound by the terms of this Order who receives Confidential Material or Confidential—Outside Attorneys' Eyes Only Material from a Producing Party is served with a subpoena or other process or order to produce the Confidential Material or Confidential—Outside Attorneys' Eyes Only Material, that person or entity, as soon as reasonably practicable, shall notify counsel for the parties and counsel of record for the Producing Party and

shall furnish those counsel with a copy of the subpoena or other process or order. The person or entity receiving the subpoena or other process or order shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose interests may be affected. The Producing Party or party asserting the confidential treatment shall have the burden of defending against the subpoena, process or order. The person or entity receiving the subpoena, process or order shall be entitled to comply with it except to the extent the person or entity asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

25. This Court shall retain jurisdiction over all persons subject to this Order for the purpose of enforcing this Order.

**IT IS SO ORDERED.**

DATED: February 17, 2011

HON. MARC L. GOLDMAN
U.S. MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, ___________________________ [print or type full name], of ______________________ [print or type full address], declare under penalty of perjury that I have read in its entirety, or had explained to me by counsel, the Order that was issued by the United States District Court for the Central District of California on ____________________ [date] in the case of *JCD, Inc. d/b/a Esoteric Sports v. Interstate Hotels and Resorts, Inc., et al.* (Case No. SACV10-00904 DOC (MLGx)). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose, reproduce, display, disseminate, or retain in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

DATE: ________________________

City and State where sworn and signed: ________________________

____________________________________
[Signature]

____________________________________
Printed Name

# CERTIFICATE OF SERVICE

I certify that on February 17, 2011 the foregoing document **[PROPOSED] PROTECTIVE ORDER CONCERNING PRODUCTION OF CONFIDENTIAL INFORMATION** was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

| | |
|---|---|
| Kent Lambert<br>(Admitted *Pro Hac Vice*)<br>Sarah K. Casey<br>(Admitted *Pro Hac Vice*)<br>Baker Donelson Bearman Caldwell & Berkowitz PC<br>201 St. Charles Avenue Suite 3600<br>New Orleans, LA 70170<br>*Attorneys for Plaintiff JCD, Inc. d/b/a Esoteric Sports* | Amir A Torkamani<br>Sheppard Mullin Richter & Hampton LLP<br>333 South Hope Street, 48th Floor<br>Los Angeles, CA 90071<br>*Attorneys for Defendant Interstate Management Company LLC* |
| Mark A Johnston<br>Eckert Seamans Cherin & Mellott LLC<br>1747 Pennsylvania Avenue NW<br>Suite 1200<br>Washington, DC 20006<br>*Attorneys for Defendant Interstate Management Company LLC* | Phillip Allen Davis<br>Robert E. Mussig, Jr.<br>Sheppard Mullin Richter and Hampton<br>333 S Hope Street, 48th Floor<br>Los Angeles, CA 90071-1448<br>*Attorneys for Defendant Interstate Management Company LLC* |
| | |
| | |
| | |

| | |
|---|---|
| | February 17, 2011 |
| Signature<br>Danielle Trulli | Date |